Anthony G. Ly, Bar No. 228883
aly@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067
Telephone: 310.553.0308
Facsimile: 800.715.1330

Sophia B. Collins, Bar No. 289318
scollins@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard. Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809

Sarah R. Boxer, Bar No. 322393
sboxer@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
Telephone: 619.232.0441
Facsimile: 619.232.4302

Attorneys for Defendant
ACCENTURE LLP

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
6/9/2026 1:52:31 PM

Clerk of the Superior Court
By A. Vargas ,Deputy Clerk

'26CV3488 AJB DEB

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| STOREY VALERIO, on behalf of other similarly situated employees of Defendants,<br><br>Plaintiff,<br><br>v.<br><br>ACCENTURE LLP and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 26CU022415C<br><br>ASSIGNED FOR ALL PURPOSES TO HON. LOREN G. FREESTONE, DEPT. C-64<br><br>**DEFENDANT ACCENTURE LLP'S ANSWER TO PLAINTIFF STOREY VALERIO'S CLASS ACTION COMPLAINT**<br><br>Dept.: C-64<br><br>Trial Date: Not Yet Set<br>Complaint Filed: April 23, 2026 |

Defendant ACCENTURE LLP ("Defendant") hereby answers STOREY VALERIO's ("Plaintiff") class action complaint ("Complaint") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant generally and specifically denies each and every allegation in the Complaint. In addition, Defendant denies that Plaintiff and/or the putative class members Plaintiff seeks to represent, have sustained or will sustain any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission of, or any other conduct or absence thereof on the part of, Defendant. Defendant further generally and specifically denies that Plaintiff and/or the putative class members Plaintiff seeks to represent are entitled to any relief whatsoever.

Defendant's general denial is based on the factual contentions which include, but are not limited to, the following: (1) Defendant properly and timely paid employees for all wages owed as required under the Labor Code, including but not limited to minimum wages for all hours worked and overtime calculated at the proper regular rate of pay; (2) all sick pay to employees was properly accrued and paid at the proper rate of pay; (3) Defendant properly and timely paid all employees during their employment; (4) Defendant provided employees with complete and accurate wage statements; (5) Defendant paid all wages due upon termination of employment to terminated employees; (6) Defendant reimbursed all employees for all business-related expenses as required under the Labor Code; (7) Defendant did not engage in unlawful business acts or practices in violation of California Business and Professions Code sections 17200 *et seq.*; (8) Defendant did not impose any unlawful employment conditions on its employees; (9) Defendant's alleged misconduct did not injure or otherwise damage employees; (10) Plaintiff's definition of the proposed class is unreasonably broad; (11) Plaintiff will be unable to establish the prerequisites for class certification, including, but not limited to: standing, numerosity, commonality (questions of law or fact common to the class), typicality (Plaintiff's claims are typical of the class), superiority (of the class action mechanism), class action manageability (of the trial plan) and that Plaintiff is an adequate class representative; (12) there is no violation of Labor Code section 226 for failing to list a rate that allegedly should have been paid, or wages allegedly owed for off-the-clock work, rather, a Labor Code section 226 claim arises solely when the elements of Labor Code section 226 have not been met (*see Maldonado v.*

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

*Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1336-37 (2018), *review denied* (Aug. 22, 2018) (employees were not entitled to penalties for inaccurate wage statements where wage statements were accurate in that they correctly reflected hours worked and pay received at the time they were distributed); *Soto v. Motel 6 Operating, L.P*, 4 Cal. App. 5th 385, 392 (2016); and (13) at all times relevant Defendant did not act jointly, in concert nor conspire with, and/or ratify the acts of, or carry out any joint scheme, business plan or policy with, any third parties, including any other DOE defendants, to cause damages, if any, to Plaintiff or any putative class member and is not an alter ego, agent, or employee of, or joint employer with, any other DOE defendants or third party.

Defendant reserves its due process rights to receive a determination regarding class certification and contend that class certification is not appropriate in this instance.

Given the conclusory nature of the Complaint, Defendant hereby reserves its rights to amend or supplement its Answer upon further investigation and discovery of facts supporting its defenses.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof, or admitting that Defendant has any burden of proof, Defendant asserts the following separate defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Arbitration Agreement)**

1. As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, fails, in whole or in part, to the extent Plaintiff and/or the putative class members Plaintiff purports to represent, are subject to an Arbitration Agreement that requires Plaintiff, and/or some or all of the putative class members Plaintiff seeks to represent, to submit all claims against Defendant to the grievance procedures set forth in a collective bargaining agreement, which include binding arbitration, and, therefore, their exclusive remedy is through final and binding arbitration.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

2. As a separate and distinct affirmative defense, Defendant asserts that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

3. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of laches. Without limiting Defendant's reliance on this affirmative defense, to the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent, failed to complain during their hours worked about supposed violations of the law (as alleged in the Complaint), then they are now barred from seeking relief by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

4. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of unclean hands. Without limiting Defendant's reliance on this affirmative defense, to the extent Plaintiff and/or the putative class members Plaintiff seeks to represent, seek compensation for time they willfully failed to report and/or characterized as time worked, such claims are barred by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(Consent)**

5. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of consent.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

6. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of unjust enrichment. Without limiting Defendant's reliance on this affirmative defense, to the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent, *inter alia*, received compensations for hours worked, for such persons to receive additional monies for hours worked, would result in unjust enrichment. Thus, receiving additional compensation would be inequitable under the circumstances of the case, to the

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

extent that Plaintiff and/or the putative class members Plaintiff seeks to represent, have already received compensation for the claims alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Prior or Pending Litigation – Collateral Estoppel/*Res Judicata*)**

7. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrines of collateral estoppel and/or *res judicata* to the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent, have litigated issues raised by the Complaint prior to adjudication of those issues in the instant action.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Release)**

8. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and the causes of action set forth therein are barred to the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent, have released Defendant from any liability alleged in the Complaint prior to the adjudication of those claims in this action.

**NINTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

9. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims fail because Plaintiff and/or the putative class members Plaintiff seeks to represent, have been fully paid all amounts legally owed by Defendant, are barred by the doctrine of accord and satisfaction, and by accepting the payments made to them, Plaintiff and/or the putative class members Plaintiff seeks to represent, have effectuated an accord and satisfaction of their claims.

**TENTH AFFIRMATIVE DEFENSE**

**(Claims Discharged)**

10. As a separate and distinct affirmative defense, Defendant alleges the Complaint and each cause of action set forth therein are barred because all or a portion of the wages, premium pay, interest, attorneys' fees, penalties and/or other relief sought by Plaintiff on his own behalf and/or on behalf of some or all of putative class members Plaintiff seeks to represent were, or will be before the conclusion of this action, paid or collected, and therefore, the claims of Plaintiff and/or the putative class members Plaintiff

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

seeks to represent, have been partially or completely discharged.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

11. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure sections 337, 338(a) and (d), 339, 340 and 343, Labor Code sections 203 and 226, and/or California Business & Professions Code section 17208.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Did Not Act Jointly)**

12. As a separate and distinct affirmative defense, Defendant alleges that at all times relevant it did not act jointly, in concert nor conspire with, and/or ratify the acts of, or carry out any joint scheme, business plan or policy with, any third parties, including any other DOE defendants, to cause damages, if any, to Plaintiff and/or the putative class members Plaintiff seeks to represent, and are not an alter ego, agent, or employee of, or joint employer with, any other DOE defendants or third party.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

13. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, any violation of the Labor Code or Order of the Industrial Welfare Commission was not knowingly, willfully, or intentionally done and/or was an act or omission made in good faith, because there exists a good faith dispute as to whether further compensation is due and/or Defendant had reasonable grounds for believing that its wage payment practices complied with applicable laws and that any act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission, such that Plaintiff and/or the putative class members Plaintiff seeks to represent, are not entitled to any damages in excess of any wages and are not entitled to any liquidated damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Breach of Duties)**

14. As a separate and distinct affirmative defense, Defendant alleges that the claims of Plaintiff

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

and/or the putative class members Plaintiff seeks to represent, are barred by their own breach of the duties owed to Defendant pursuant to the California Labor Code, including but not limited to California Labor Code sections 2853, 2854, 2856, 2857, and/or 2859, and/or the refusal or failure by Plaintiff and/or the putative class members Plaintiff seeks to represent, to meet Defendant's reasonable expectations and the job performance requirements, to include abiding by Defendant's policies and/or wage/hour requirements.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Preliminary or Postliminary Activities)**

15. As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each purported cause of action alleged therein, are barred in whole or in part as to all hours during which Plaintiff and/or the putative class members Plaintiff seeks to represent, were engaged in activities that were preliminary or postliminary to their principal activities.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Irregular and Brief)**

16. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is barred from recovering penalties because even if he establishes any of his claims, the claims involve activities that are so irregular or brief in duration that it would not be reasonable to require Defendant to compensate Plaintiff and/or the putative class members Plaintiff seeks to represent for the time spent on them. *See Troester v. Starbucks Corp.*, 5 Cal.5th 829, 835 (2018).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

17. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action therein are barred by the doctrine of avoidable consequences. Plaintiff and/or the putative class members Plaintiff seeks to represent, unreasonably failed to use the preventative and corrective opportunities provided to them by Defendant, and reasonable use of Defendant's procedures would have prevented at least some, if not all, of the harm allegedly suffered by Plaintiff and/or the putative class members Plaintiff seeks to represent.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Secreted or Absented)**

18. As a separate and distinct affirmative defense, Defendant alleges that the claims of Plaintiff and/or the putative class members Plaintiff seeks to represent, for alleged failure to pay wages fail, in whole or in part, to the extent that Defendant did not reasonably know hours were worked by Plaintiff and/or the putative class members Plaintiff seeks to represent, to the extent Plaintiff and/or the putative class members Plaintiff seeks to represent, deliberately prevented Defendant from acquiring knowledge of the hours worked and/or to the extent Plaintiff and/or the putative class members Plaintiff seeks to represent, secreted or absented themselves to avoid payment of wages.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Credit and Offset)**

19. As a separate and distinct affirmative defense, Defendant alleges that it is entitled to an offset against any relief due Plaintiff and/or the putative class members Plaintiff seeks to represent, based upon their respective wrongful conduct and/or monies owed to Defendant, including, but not limited to, any overpayments for hours worked and reimbursement of necessary business expenses.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(*De Minimis*)**

20. As a separate and distinct affirmative defense, Defendant alleges to the extent Plaintiff has alleged any violations of the Labor Code based on alleged time spent by Plaintiff and/or the putative class members Plaintiff seeks to represent, on work-related activities for which compensation was owed but not paid, any such time was *de minimis* such that no further compensation is owed to Plaintiff and/or the putative class members.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Knowledge of Work)**

21. As a separate and distinct affirmative defense, Defendant alleges that, if either Plaintiff and/or the putative class members "worked" hours for which compensation was not paid, including but not limited to "off-the-clock" work, Defendant had no knowledge, or reason to know, of such "work" and such "work" was undertaken without the consent or permission of Defendant. Because Defendant had no

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

knowledge of such "work," Plaintiff and/or the putative class members Plaintiff seeks to represent, cannot claim to have been "suffered and permitted" to work as is required for time to be considered "hours worked" within applicable Wage Order(s). Furthermore, any such lack of notice occurred because Plaintiff and/or the putative class members Plaintiff seeks to represent, and/or third parties actively prevented Defendant from acquiring such knowledge.

**<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>**

**(No Authorization to Work Off-the-Clock)**

22. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint is barred, in whole or in part, to the extent that Defendant did not permit or authorize Plaintiff and/or the putative class members to work during the times for which Plaintiff now claims unpaid wages.

**<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>**

**(Not Hours While On Controlled Standby)**

23. As a separate and distinct affirmative defense, Defendant alleges that time spent by Plaintiff and/or the putative class members while "on call" were not hours worked for purposes of his minimum wage and overtime claims because Plaintiff and/or the putative class members were not subject to Defendant's control while Plaintiff and/or the putative class members were on call. *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575 (2000).

**<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>**

**(Substantial Compliance)**

24. As a separate and distinct affirmative defense, Defendant alleges that any claims for penalties pursuant to Labor Code section 226 are barred, in whole or in part, because Defendant substantially complied with all applicable laws, statutes, regulations, and applicable Wage Orders.

**<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>**

**(Labor Code § 226 - No Injury and No Knowing and Intentional Failure)**

25. As a separate and distinct affirmative defense, Defendant alleges that, assuming *arguendo* that Plaintiff and/or putative class members Plaintiff seeks to represent, were not provided with a proper itemized statement of wages, Plaintiff and/or the putative class members Plaintiff seeks to represent, are not entitled to recover damages because they were not "injured" and because Defendant's alleged failure

to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e). *See, e.g.*, *Limon v. Circle K Stores Inc.*, No. F082289, 2022 WL 14391789, at *19 (Cal. Ct. App. Oct. 25, 2022) (dismissal of FCRA matter is appropriate when Plaintiff cannot demonstrate harm).

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Defendant Maintained Accurate Payroll Records and Provided Wage Statements that Accurately Reported the Hours and Rates in Effect)**

26. As a separate and distinct affirmative defense, Defendant alleges that any underlying claims for failure to maintain accurate payroll records and/or for penalties pursuant to Labor Code section 226 are barred, in whole or in part, because Plaintiff and/or the putative class members Plaintiff seeks to represent, were provided wage statements that accurately set forth the amount of the wages they received, as well as the hours and rates that were used to calculate such wages, and, thus, Plaintiff's wage statement claim fails under *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal.App.5th 1308 (2018).

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(*Bona Fide* Dispute)**

27. As a separate and distinct affirmative defense, Defendant alleges that claims of Plaintiff and/or the putative class members seeks to represent for penalties are barred, in whole or in part, because a good faith, *bona fide* dispute exists over whether wages are owed.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Labor Code § 203 – Not Willful)**

28. As a separate and distinct affirmative defense, Defendant alleges that any claim for penalties pursuant to Labor Code section 203 is barred, in whole or in part, because any failure to pay waiting time penalties was not knowing, intentional, or willful.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Labor Code § 203 – No Penalties After Filing of Complaint)**

29. As a separate and distinct affirmative defense, Defendant alleges Plaintiff and/or the putative class members Plaintiff seeks to represent, are barred from seeking any penalties pursuant to Labor Code section 203 for any violation occurring after the filing of the initial Complaint.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Labor Code § 203 – Good Faith Belief)**

30. As a separate and distinct affirmative defense, Defendant alleges that any claim for penalties pursuant to Labor Code section 203 is barred, in whole or in part, because Defendant had a good faith belief that it timely paid all wages due upon termination in compliance with California Labor Code section 201 *et seq*.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Retroactive Penalties Unconstitutional)**

31. As a separate and distinct affirmative defense, Defendant alleges that it would be unconstitutional and a violation of due process to impose retroactive *penalties* based on the California Supreme Court's recent interpretation of California law in *Ferra v. Lowes Hollywood Hotel, LLC*, 11 Cal.5th 858 (2021), to the extent that *Ferra* applies to the facts in the Complaint.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Resources for Completing Job Duties and Opportunity for Reimbursement Provided)**

32. As a separate and distinct affirmative defense, to the extent Plaintiff and/or the putative class members Plaintiff seeks to represent, incurred expenses, including, but not limited to, home internet usage, these alleged expenses were voluntarily incurred because Defendant provided Plaintiff and/or the putative class members with internet access at Defendant's offices, and they therefore were not necessary or required for the job.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(No Reason to Know of Expenses)**

33. As a separate and distinct affirmative defense, Defendant alleges that any claim for damages pursuant to Labor Code section 2802 is barred, in whole or in part, because Defendant did not know, and had no reason to know, of any unreimbursed expenses claimed.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Claims Barred Where Violations Have Discontinued)**

34. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for recovery in the form of restitution, disgorgement, or injunctive relief under California Business and

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

Professions Code section 17200, *et seq*., are barred with respect to any alleged violations that have been discontinued, ceased, or are not likely to recur.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Multiple Penalties Unconstitutional)**

35. As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action set forth therein, or some of them, are barred because, as applied in this putative class action, an award of penalties would result in the imposition of excessive, replicating fines or penalties, and/or an unlawful taking in violation of the Fifth and Eighth Amendments to the United States Constitution and Article I, Sections 7 and 8 of the California Constitution, and Defendant's fundamental constitutional rights to due process under the Fourteenth Amendment of the United States Constitution and Constitution and laws of the State of California. *See, e.g., Timbs v. Indiana*, 139 S. Ct. 682 (2019); *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003); *People ex rel Lockyer v. R.J. Reynolds Tobacco Co*., 37 Cal. 4th 707 (2005).

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

36. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or putative class members Plaintiff seeks to represent are not entitled to equitable relief insofar as they have an adequate remedy at law and are not entitled to any relief with respect to any and all alleged violations of California Business and Professions Code section 17200, *et seq*. that have discontinued, ceased, and are not likely to recur.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Unfair Business Practices – Lack of Standing)**

37. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the putative class members Plaintiff seeks to represent suffered no cognizable injury under California Business and Professions Code section 17200 *et seq*. and therefore lacks standing to pursue a representative or class action thereunder.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Standing for Injunctive Relief)**

38. Defendant alleges that Plaintiff, who is not an employee of Defendant, lacks standing to pursue any claims for injunctive or declaratory relief on his behalf or on behalf of the putative class members against Defendant.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Unfair Business Practices – Due Process)**

39. As a separate and distinct affirmative defense, Defendant alleges that prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200, *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, and rights to equal protection in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Sick Leave Policies Lawful)**

40. As a separate and distinct affirmative defense, Defendant alleges that any claims for paid sick leave are barred because the paid sick leave policies at issue are lawful and were lawfully applied to Plaintiff and/or the putative class members.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Unintentional Error)**

41. As a separate and distinct affirmative defense, Defendant alleges that any claim for penalties or liquidated damages Plaintiffs may seek on an individual or representative basis pursuant to Labor Code section 248.5 is barred, in whole or in part, because any unpaid sick pay was due to an isolated and unintentional payroll error or written notice error that is a clerical or an inadvertent mistake regarding the accrual or available use of paid sick leave.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Sick Pay - Standing)**

42. As a separate and distinct affirmative defense, Defendant alleges that any claims brought pursuant to California Labor Code § 246 are barred because Plaintiff and/or some or all of putative class

members Plaintiff seeks to represent lack standing to bring this action.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Labor Code §§ 512 and 226.7 Violate Equal Protection)**

43. As a separate and distinct affirmative defense, Defendant asserts that the Complaint, and each and every alleged cause of action therein, or some of them, are barred because Labor Code sections 512 and 226.7 violate the Equal Protection Clause of the United States and California Constitution because they arbitrarily and unjustly exempt certain employers and employees to the exclusion of others without a rational basis for such unequal application of the law.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Liquidated Damages)**

44. As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, fails to state a claim for an award of liquidated damages, costs, or attorneys' fees under California Labor Code sections 218.5, 226, 1194, 1194.2(a), and Professions Code section 17200, *et seq.*, or any other basis.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Opt Out of Prior Class Settlement(s))**

45. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action alleged therein, or some of them, are barred to the extent that Plaintiff and/or the putative class members failed to opt out of prior class settlements that cover the time period and claims set forth in Plaintiff's Complaint.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(Labor Code § 432.5 – No Violation)**

46. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for penalties for Defendant allegedly violating Labor Code section 432.5 fails because Defendant never required its employees to agree in writing to any provision they knew to be prohibited by law.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Injury - Bus. & Prof. Code § 16600.5)**

47. As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege that the Complaint, and Plaintiff's claims for violation of California Business and Professions Code section 16600 is barred because Plaintiff and/or the putative class members, have not suffered any injury from any alleged failure of Defendant to comply with the code section.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Third Party Contribution)**

48. As a separate and distinct affirmative defense, Defendant alleges that any damages or penalties alleged by Plaintiff, if proven true, were caused in whole or in part by the conduct of persons or entities other than Defendant, and any recovery obtained by Plaintiff must be apportioned accordingly.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with Reasonable Directions)**

49. Defendant alleges that a reasonable opportunity for investigation and discovery will reveal Plaintiff's claims are barred by his own breaches of duties owed to Defendant and/or her failure to comply substantially with the reasonable directions of Defendant due to his failure to use ordinary care and diligence in the performance of his duties under California Labor Code § 2854 and/or §§ 2856-59.

**RESERVATION OF RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES**

Plaintiff's Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to amend this Answer for purposes of asserting such additional defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant requests that judgment be entered as follows:

1. No class be certified, and that Plaintiff's Complaint be dismissed in its entirety with prejudice;
2. Plaintiff and the putative class take nothing by this action;

3. Judgment be entered in Defendant's favor and against Plaintiff and the putative class members;

4. Defendant be awarded its costs and attorneys' fees incurred herein; and

5. Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: June 9, 2026

Anthony G. Ly
Sophia B. Collins
Sarah R. Boxer
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ACCENTURE LLP

4919-2899-4220.3 / 090457.1103

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
619.232.0441